MOORE, J.,
for the Court:
¶ 1. Appellant Shevas Bryan Tate pled guilty to possession of over one kilogram of marijuana with the intent to distribute. Aggrieved by the twenty year sentence imposed by the Adams County Circuit Court, Tate moved for post-conviction relief and was granted an evidentiary hearing by the trial court. After a hearing, the trial court denied relief. Tate subsequently moved the trial court to reconsider its denial of post-conviction relief, or in the alternative, for post-conviction relief to vacate and set aside plea of guilty, conviction and sentence. Upon the trial court’s summary denial of Tate’s motion to reconsider, Tate appeals citing the grounds summarized as follows
I. WHETHER THE TRIAL COURT ERRED IN DENYING TATE’S MOTION TO RECONSIDER WITHOUT AN EVIDENTIARY HEARING WHERE THERE WAS EVIDENCE THAT THE GUILTY PLEA WAS NOT *277 VOLUNTARILY AND KNOWINGLY MADE;
II. WHETHER THE TRIAL COURT ERRED IN FINDING THAT TATE WAIVED HIS CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL; AND
III. WHETHER THE TWENTY YEAR SENTENCE IMPOSED BY THE TRIAL COURT WAS GROSSLY DISPROPORTIONATE.
Finding no error, we affirm.
FACTS
¶ 2. Appellant Shevas Bryan Tate was indicted for possession of over one kilogram of marijuana with the intent to distribute. Tate acknowledged in his colloquy with the trial judge that the marijuana, which was seized at Tate’s mother’s house, belonged to Tate and his friend, Timothy Chatman. Tate explained that he knew it was wrong to possess the marijuana, but that his family’s business had burned down, and he needed the money.
¶ 3. The State offered to recommend a twenty year sentence with ten years suspended in return for Tate’s plea. Tate refused the recommendation, opting to plead guilty and take his chances with the trial court’s sentencing decision. After finding that Tate’s plea was voluntarily and knowingly made, the trial court sentenced Tate to serve twenty years without suspending any part of the sentence. Tate moved for post-conviction relief (PCR) within days after his plea in open court and before the trial court’s formal written entry of conviction and sentence. The trial court granted Tate an evidentiary hearing on his PCR motion. The attorney who represented Tate during the plea represented Tate at the PCR hearing. The trial court denied Tate’s PCR petition. Tate did not appeal said denial. Approximately two and one-half years later, Tate, represented by new counsel, moved the trial court to reconsider its order denying post-conviction relief or alternatively requesting post-conviction relief.
LAW AND ANALYSIS
¶ 4. We affirm the trial court’s summary denial of Tate’s current PCR petition. Miss.Code Ann. § 99-39-23(6) (Supp.1999) provides that the “order ... dismissing the prisoner’s motion or otherwise denying relief under this chapter is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this chapter.” (emphasis added). The PCR motion which is currently on appeal is Tate’s second PCR motion. As noted above, the trial court denied the first PCR petition after an evidentiary hearing. Tate did not appeal denial of the first PCR petition. His second petition is barred.
¶ 5. There are exceptions to the successive motion bar provided in Miss.Code Ann. § 99-39-23(6). One pertains to supervening insanity of the prisoner prior to the execution of a death sentence. Another exception pertains to intervening decisions of the supreme court which would have actually adversely affected the outcome of the prisoners conviction or sentence. Another exception pertains to cases in which the prisoner claims that his sentence has expired or his probation or parole has been unlawfully revoked. None of these exceptions even arguably apply. The other exception occurs when the prisoner can demonstrate that he “has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.” Miss.Code Ann. § 99-39-23(6) (Supp.1999).
*278 ¶ 6. “This Court has upheld the denial of successive applications where the petitioner has failed to demonstrate the existence of an exception.... ” Maston v. State, 750 So.2d 1234(¶ 10) (Miss.1999). Tate has not demonstrated that he falls within one of the exceptions of the successive motion bar; indeed, he simply argues the merit of the trial court’s summary denial of his second petition without regard to the procedural bar. Thus, Tate’s successive petition must fail.
¶ 7. THE JUDGEMENT OF THE ADAMS COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS HEREBY AFFIRMED. COSTS ARE ASSESSED TO ADAMS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.